UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAKESHIA R. EDMOND, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-2487-B |
| | § | |
| DALLAS FBI, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is LaKeshia R. Edmond's *pro se* complaint, filed on November 7, 2022.

## I.

## BACKGROUND

Edmond sues the Dallas FBI and a host of other defendants. Doc. 3. It appears she suffers from paranoid schizophrenia. And, as in an earlier case, she raises allegations that are rambling and largely incoherent and that border on the fantastic and delusional. Edmond complains among other things about state lawsuits in Texas and Arkansas, alleged rapes, the stealing of her stimulus check, a writ of possession and property that she owned, and an unlawful imprisonment in a homeless shelter. She seeks $25 million in damages.

With the complaint, Edmond encloses five handwritten supplements (totaling 40 pages) that are difficult to decipher and for the most part nonsensical. Doc. 3-1 through Doc. 3-5. She also submits 15 pages of exhibits, including random e-mails, state court pleadings, and an executed constables return. Doc. 3-6.

Although Edmond initially paid the filing fee, the payment was reversed due to insufficient

funds. Thus, it is more efficient to assume that Edmond seeks leave to proceed *in forma pauperis* and to screen her complaint under 28 U.S.C. § 1915, than to require compliance with the Court's filing requirements.

Upon careful review of the complaint, the Court concludes that Edmond fails to present a cognizable federal claim and her factual contentions are both delusional and deficient. Thus, this action should be dismissed at the screening stage as frivolous.

## II.

## ANALYSIS

28 U.S.C. § 1915(e)(2)(B) provides *inter alia* for the sua sponte dismissal of a complaint if the Court finds that it is frivolous or malicious. A complaint is frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

The Court must always liberally construe pleadings filed by pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting pro se pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Edmond has failed to state a cognizable legal claim or anything that can be construed as such. Her factual contentions are clearly baseless and woefully inadequate to support any cognizable claim. And her allegations border on the irrational and incredible. *See Denton*, 504 U.S. at 33.

Consequently, Edmond's complaint should be dismissed with prejudice as factually and legally

frivolous.

## III.

## LEAVE TO AMEND

Ordinarily, "a pro se litigant should be offered an opportunity to amend her complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed herein Edmond's apparent claims are fatally infirm. Based on the most deferential review of her complaint, it is highly unlikely that, given the opportunity, she could allege cogent and viable legal claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

## III.

## SANCTION WARNING

Since the filing of this case, Edmond has sent the Court over 160 e-mails. The e-mails are inappropriate, vulgar, and totally unrelated to this case. Among other things, Edmond references video surveillance cameras, sex and sexual activities, celebrities watching her or making movies with her, and releasing a book to Vladimir Putin.

The Court also takes judicial notice that Edmond filed at least one other action that this Court dismissed for failure to state a claim because the facts were clearly baseless and the allegations fanciful and delusional. *See Edmond v. Brap, LLC*, No. 4:21-CV-1250-P-BP (N.D. Tex. Dec. 16, 2021).

Based on the deluge of e-mails, Edmond is warned that sending persistent, unwarranted e-mails to the Court may result in the imposition of sanctions.

Further, Edmond is cautioned that if she persists in filing frivolous actions, the Court may

impose monetary sanctions and/or bar her from bringing any further action. *See* Fed. R. Civ. P. 11(b)(2) and (c)(1) (providing for sanctions against pro se litigants or attorneys). Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). Pro se litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

## III.

## CONCLUSION

IT IS THEREFORE ORDERED that this action is summarily DISMISSED WITH PREJUDICE as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

FURTHER, Plaintiff is WARNED that sending repeated, unwarranted e-mails to the Court may result in the imposition of sanctions. And if Plaintiff persists in filing frivolous, baseless actions, the Court may impose monetary sanctions and/or bar her from bringing any further action.

**SO ORDERED**.

**SIGNED: December 21, 2022.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

- 4 -